UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| Soua Xiong, | No. 19-cv-1041 (SRN/TNL) |
| Plaintiff, | |
| v. | **REPORT AND RECOMMENDATION** |
| Brett R. Navarro, | |
| Defendant. | |

---

Soua Xiong, 1766 Howard Street North, Maplewood, MN 55109 (pro se Plaintiff); and

Pamela Marentette, Assistant United States Attorney, United States Attorney's Office, 300 South Fourth Street, Suite 600, Minneapolis, MN 55415 (for Defendant).

---

This matter is before the Court, United States Magistrate Judge Tony N. Leung, on Defendant's Motion to Substitute the United States as Defendant and Dismiss Brett R. Navarro. (ECF No. 7). This motion has been referred to the undersigned magistrate judge for a report and recommendation to the Honorable Susan R. Nelson, United States District Judge for the District of Minnesota, pursuant to 28 U.S.C. § 636(b)(1). (ECF No. 14). Based on all the files, records, and proceedings herein, and for the reasons set forth below, this Court recommends that Defendant's motion be **GRANTED.**

I.   **FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

On March 25, 2019, Plaintiff Soua Xiong filed suit against Defendant Brett R. Navarro in Hennepin County Conciliation Court, seeking damages related to a March 2017 car accident. (ECF No. 1-1, p. 3). Navarro is an employee of the federal government. (ECF

1

No. 1, p. 1). The Attorney General has certified that, at the time of the accident, Navarro was acting in the scope of his federal employment. (ECF No. 1-2).

Navarro removed the matter to federal court pursuant to 28 U.S.C §§ 1442(a)(1), 1446, and 2679(d)(2). (ECF No. 1). He filed a motion to substitute the United States of America as a party to this matter and to dismiss the claims against himself with prejudice. (ECF No. 7). Xiong does not oppose the motion. (ECF No. 10).

## II.   ANALYSIS

Under federal law, the exclusive remedy for any injury or loss resulting "from the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment" is an action provided for by 28 U.S.C. §§ 1346 and 2672. 28 U.S.C. § 2679(b)(1). When a federal employee is sued in state court, the Attorney General must review the case to determine if the employee was acting within the scope of his employment when the allegedly harmful conduct occurred. *Id.* § 2679(d)(2). If the Attorney General certifies the employee was acting within the scope of his or her employment, the action must be removed to federal court. *Id*. The matter is then deemed to be an action against the United States and the United States must be substituted as the party defendant. *Id*. § 2679(d)(2). Any other action against the employee is precluded and must be dismissed with prejudice. *Id*. § 2679(b)(1).

In this case, after Xiong filed suit in state court, the Attorney General certified that Navarro was acting in the scope of his employment at the time of the accident and removed the matter to federal court. (ECF No. 1-2). Xiong has not contested the Attorney General's certification. Nor has she opposed this motion. Accordingly, the exclusive remedy

2

provision of 28 U.S.C. § 2679(b)(1) applies. The United States must be substituted as the party defendant in this matter and Xiong's claims against Navarro must be dismissed with prejudice.

## III.  RECOMMENDATION

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that Defendant's Motion to Substitute the United States as Defendant and Dismiss Brett R. Navarro (ECF No. 7) be **GRANTED**; that the United States of America be substituted as the party defendant; and that Plaintiff Soua Xiong's claims against Defendant Brett. R. Navarro be **DISMISSED WITH PREJUDICE.**

Date: August 2, 2019                             *s/ Tony N. Leung*
                                                 Tony N. Leung
                                                 United States Magistrate Judge
                                                 District of Minnesota

                                                 *Xiong v. Navarro*
                                                 No. 19-cv-1041 (SRN/TNL)

### NOTICE

**Filings Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in LR 72.2(c).